IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 06-CV-00815-REB-BNB
_____

PETER F. LINDEMANN,
d/b/a ALL 'N' ONE CUSTOM PROMOTIONALS,  }
also d/b/a ALL 'N' MORE,

    Plaintiff and Counterclaim Defendant,

v.

RUFUS BUTLER SEDER,

Defendant and Counterclaim Plaintiff; and

EYE THINK, INC., a Massachusetts Corporation,

Defendant.
_____

### STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION
_____

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.	As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.	Financial, proprietary, technical or other confidential and sensitive business information produced by any party in this litigation, the disclosure of which that party feels could reasonably be anticipated to cause competitive injury to the party producing the information or to cause injury to the current or future business relations of that party, may be designated as "Confidential Material" by such party in the manner described in Paragraph 5 below.  Such information includes, but is not limited to, the following subjects: financial statements; income statements; tax returns; source code; object code; customer lists and related customer information; supplier lists and related supplier information; price information; sales information; trade secrets; and any other confidential, financial, proprietary or other sensitive business information.  "Confidential Material" shall also include all documents and things, including tapes and disks, containing portions of confidential information, extracts therefrom, or summaries thereof.

4.	This Stipulation and Order Regarding Confidential Information (the "Stipulation and Order") shall apply (a) to all information, documents and things requested or provided in this action, including, without limitation, testimony adduced and documents or things marked as exhibits at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31, answers to interrogatories pursuant to Rule 33, documents and things produced pursuant to Rule 34, and answers to requests for admissions pursuant to Rule 36, and (b) to documents and things voluntarily transferred between counsel for the parties in connection with this action.

5.      Confidential Material may be used or disclosed only in accordance with this Stipulation and Order.  Documents or information may be designated Confidential Material within the meaning of this Stipulation and Order in the following ways:

(a)     Each interrogatory answer or portion thereof, each produced or transferred document or thing or portion thereof, and each answer to a request for admission or portion thereof which is deemed by a party to disclose Confidential Material of that party shall be so identified and clearly and prominently labeled by that party as "CONFIDENTIAL" or by a phrase including the word "CONFIDENTIAL" in it.

(b)     In the case of answers to interrogatories and requests for admissions, memoranda or other documents served and the information contained therein, designation shall also be made by placing the following legend clearly and prominently on the front of any set of interrogatory answers, responses to requests for admissions or other documents or things containing Confidential Material: "CONTAINS CONFIDENTIAL MATERIAL.  Designated parts not to be used, copied or disclosed except as authorized by Order of the United States District Court for the District of Colorado."

(c)     In the case of depositions and the information contained in depositions (including exhibits), designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party producing such information or shall be made by advising the other counsel in writing of the specific pages and lines or exhibits to be treated as Confidential Material within fourteen (14) days after the receipt of the deposition transcript.  The following legend shall be placed on the front of any deposition transcript containing Confidential Material:

"CONTAINS CONFIDENTIAL MATERIAL.  Designated parts not to be used, copied or disclosed except as authorized by Order of the United States District Court for the District of Colorado."

(d) When any testimony in this action is taken, counsel for any party may before or during said testimony give notice to counsel for all other parties that Confidential Material may be disclosed during said testimony and such counsel may require that the testimony go forward with only the court stenographer recording the testimony and those categories of persons listed in Paragraphs 7 or 8 below in attendance.  In any testimony in which the notice provided for in the preceding sentence is given or in which any item of information, document or thing marked or identified as Confidential Material in accordance with Paragraph 5 hereof is presented, disclosed or marked for identification, the court stenographer recording the testimony and all other persons who are attending such testimony at the time of such presentation, disclosure or marking shall be deemed persons to whom access to and disclosure of such item of information, document or thing is permitted, but all such persons shall be subject to the provisions of this Stipulation and Order.  The stenotype tape or other means of recording the proceedings with respect to which the notice provided for in this Paragraph is given or in which any Confidential Material marked or identified in accordance with this Stipulation and Order is disclosed, presented or marked for identification shall itself be deemed to be Confidential Material subject to this Stipulation and Order.  The transcript and/or copies thereof of any such testimony shall be provided by the aforesaid court stenographer only to counsel of record in this action.  At any deposition where Confidential Material is disclosed, the court stenographer shall read this Stipulation and Order and sign an Agreement To Be Bound By Protective Order.

6. Two types of Confidential Material may be designated: "Highly Confidential" and "Confidential." "Confidential" Material shall include any material that the producing party or non-party reasonably believes not to be in the public domain and contains any trade secret or other confidential, strategic, research, development, or commercial information. "Highly Confidential"Material shall include any Confidential Information that the producing party or non-party reasonably believes to be so competitively sensitive that its disclosure to a competitor would cause irreparable or potentially irreparable competitive injury.

7. "Highly Confidential" Material may be disclosed only to the persons identified in subparagraphs (a) through (d) hereof and solely for the purpose of conducting this particular action, and not for conducting any other case or for any business or other purpose whatsoever, under the procedures set forth in this Stipulation and Order. The persons to whom "Highly Confidential" Material may be disclosed are as follows:

(a) partners and associate attorneys and secretarial and paralegal personnel of the firms of Rouse & Associates, P.C., Lewis & Rost, and the O'Connell Law Office.

(b) expert witnesses retained by or assisting the attorneys of record in preparation for trial, trial or appeal of this action, including consulting and testifying expert witnesses, subject to the conditions of Paragraph 10 below;

(c) deposition reporters in the course of their work in this action; and

(d) court personnel, including judge and jury, in the course of their work in this action.

8. "Confidential" Material may be disclosed only to the persons identified in subparagraphs (a) through (f) hereof and solely for the purpose of conducting this particular

5

action, and not for conducting any other case or for any business or other purpose whatsoever, under the procedures set forth in this Stipulation and Order.  The persons to whom "Confidential" Material may be disclosed are as follows:

  (a) partners and associate attorneys and secretarial and paralegal personnel of the firm of Rouse & Associates, P.C., Lewis & Rost, and the O'Connell Law Office;

  (b) expert witnesses retained by or assisting the attorneys of record in preparation for trial, trial or appeal of this action, including consulting and testifying expert witnesses, subject to the conditions of Paragraph 10 below;

  (c) the parties to this action and their officers, directors and employees;

  (d) witnesses and their counsel in this action;

  (e) deposition reporters in the course of their work in this action; and

  (f) court personnel, including judge and jury, in the course of their work in this action.

  9. Only attorneys of record may authorize the disclosure of information designated by a party as Highly Confidential Material or Confidential Material to a person described in Paragraphs 7 or 8 above.  Prior to disclosure in any manner or form, directly or indirectly, in substance or otherwise, of any information designated by a party as Highly Confidential Material or Confidential Material to any person described in Paragraphs 7 or 8 above, such person shall first be advised that such information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed in any manner or form, either directly or indirectly, in substance or otherwise, to any other person, and that the information, and all copies thereof, must remain in the person's custody until returned to the

attorney of record and must be returned to the attorney of record upon completion of its use by the person, and such person, except for any such person identified in Paragraphs 7(a), 7(d), 8(a) and 8(f), shall have executed an Agreement To Be Bound By Protective Order.  All such Agreements shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

    10.  Before any Highly Confidential Material or Confidential Material is disclosed to any expert witness, the party that designated the information as Highly Confidential or Confidential shall be given ten (10) days prior notice in writing of the person or persons to whom disclosure is to be made.  Said notice shall identify the full name, employer, position and business address of the expert witness and shall identify any prior business or other relationship with the retaining party.  The party that designated the information as Highly Confidential or Confidential may, within such ten (10) day period, seek a protective order to prevent disclosure of the information to the proposed person.  No disclosure shall be made to such person prior to the expiration of such period, or, if a motion for a protective order is filed, prior to the Court's ruling on such motion.

    11.  The Highly Confidential Material and Confidential Material shall be used by any person to whom they are disclosed pursuant to Paragraphs 7 and 8 above solely in connection with and for purposes of preparation for trial, trial, or appeal of this action.

    12.  Any interrogatory answers, answers to requests for admissions, briefs, memoranda, depositions and affidavits (including exhibits), or any other document or paper containing or referencing Confidential Material that is submitted or presented to, or filed with, the

Court shall be submitted to the Court in compliance with Local Rules 7.2 and 7.3 of the United States District Court for Colorado.

        13.        A party may object to the designation of particular Confidential Material by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Material to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Material under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Material and shall not thereafter be treated as Confidential Material in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Material shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Material. In the event that any Confidential Material is used in any court proceeding herein, it shall not lose its confidential status through such use, and the Parties shall take all steps reasonably required to protect its confidentiality during such use.

        14.        With respect to any particular item of Confidential Material, the restrictions on dissemination, access, disclosure and use of such item or of information contained therein provided for herein shall not apply to the party who identified or marked such item as confidential in accordance with this Stipulation and Order or to such party's attorneys.

15. Acceptance by a receiving party of information, documents, or things identified or marked as Confidential Material hereunder by a disclosing party shall not constitute a concession that such information, documents or things in fact are or include Confidential Material of such disclosing party.

16. Use of Confidential or Highly Confidential Material at Trial. The parties shall confer and attempt to agree before any trial or other evidentiary hearing on the procedures under which Confidential and Highly Confidential Material may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential or Highly Confidential Material which may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential and Highly Confidential Material at trial or evidentiary hearing upon reasonable notice to all parties and non-parties who have produced such information.

17. Within thirty (30) days after the final termination of this litigation as to any party, all documents and things in that party's possession that contain Confidential Material produced by another party and all copies thereof shall be returned to counsel for the party who produced them. For purposes of this Paragraph, the final termination of a case as to any party may be by settlement, by a judgment that has become nonappealable, or by a final disposition on appeal.

18. Nothing contained in this Stipulation and Order shall be deemed to restrict any party from using or disclosing in any manner whatsoever information, documents or other materials obtained by that party in a manner other than pursuant to any discovery in this litigation.

9

19. Nothing contained in this Stipulation and Order shall affect the right, if any, of any party to make any other type of objection, claim, or other response to interrogatories, requests for production of documents, requests for admissions or any questions at a deposition. Nor shall this Stipulation and Order be construed as a waiver by any party of any legally cognizable privilege to withhold any document or information, or of any right which any party may have to assert such privilege at any stage of the proceeding.

20. This Stipulation and Order shall not prevent a party from applying to the Court for further or additional protective orders, or from agreeing to modification of this Stipulation and Order, subject to the approval of the Court.

21. This Stipulation and Order shall survive the entry of judgment in this action or any stipulation of dismissal thereof and shall remain in force and effect until modified, superseded, or terminated by written consent of the parties of by order of the Court made upon reasonable written request.

22. All notices given by counsel for one party to counsel for any other party under this Stipulation and Order shall be delivered by hand, by telecopier, or by overnight mail.

23. This Stipulation and Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated August 22, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

BY THE PARTIES:

| | |
|---|---|
| s/ James P. Rouse | s/ Thomas P. O'Connell |
| James P. Rouse | Thomas P. O'Connell |
| Rouse & Associates, P.C. | O'Connell Law Office |
| 7400 E. Orchard Road #3000 | 1026A Massachusetts Avenue |
| Greenwood Village, CO 80111 | Arlington, MA  02476 |
| 303-694-0694 | 781-643-1845 |
| Attorney for Plaintiff | Attorney for Defendants, Rufus Butler Seder and Eye Think, Inc. |